UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:07-CR-628-1 |
| | § | (CIVIL ACTION NO. 2:17-CV-110) |
| MARK ESCOBEDO; aka BEATLE; aka | § | |
| BEDO | § | |

**ORDER DISMISSING MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY**

Mark Escobedo (Escobedo) filed a motion vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255 along with a Memorandum of Law, a motion to appoint counsel, and a motion to proceed *in forma pauperis*. D.E. 430-433. The Court has reviewed the § 2255 motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2016) (2255 Rules). Escobedo's motion to appoint counsel is denied, his motion to proceed *in forma pauperis* is denied as unnecessary, the § 2255 motion is dismissed and he is denied a certificate of appealability.

**I. JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 2255.

**II. BACKGROUND**

Escobedo pleaded guilty to conspiracy to possess with intent to distribute more than 500 grams of methamphetamine and was sentenced to 360 months imprisonment. D.E. 314. After his guilty plea, the Probation Department prepared a Presentence Investigation Report (PSR). D.E. 261. Escobedo's base offense level of 38 was based upon drug quantity. Four levels were added due to his leadership role. After acceptance of responsibility, Escobedo's total offense level was

39. *Id*., ¶¶ 113-120. However, Escobedo qualified as a career offender under the sentencing guidelines based on two Texas convictions for possession of cocaine with intent to deliver and aggravated robbery. *Id*., ¶ 121. His offense level did not change, but his criminal history category increased from IV to VI due to the enhancement. *Id*., ¶¶ 129-137. His guideline sentencing range was 360 months to life imprisonment. *Id*., ¶ 156.

### III.  MOVANT'S CLAIMS

Escobedo challenges his career offender status based upon *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016). *Hinkle* held that a violation of Texas' Health and Safety Code § 481.112(a) does not qualify as a controlled substance offense. He also cites *Mathis v. United States*, 136 S.Ct. 2243 (2016), in support.

### VI.  ANALYSIS

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.    Motion to Appoint Counsel and to Proceed *in forma pauperis***

Escobedo requests appointment of counsel to assist with his § 2255 motion. A § 2255 movant is not automatically entitled to appointed counsel. *See United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990

(1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (internal citation omitted). Escobedo's motion is denied.

Escobedo also requests to proceed *in forma pauperis*. His motion is denied because the motion is unnecessary. There are no fees associated with the filing of his motion.

C. **Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[1] 28 U.S.C. § 2255(f). The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 532 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Escobedo's conviction became final on May 20, 2008, after time to file an appeal expired. Fed. R. App. P. 4(b) (amend. eff. Dec. 1, 2010); *see Clay*, 537 U.S. at 532. He was required to file his motion to vacate by May 20, 2009. Escobedo's motion was filed no sooner than March 13, 2017, nearly seven years too late. *See* Rule 3(d), § 2255 Rules. Escobedo argues that his motion is timely based upon § 2255(f)(3) and *Mathis v. United States*, 136 S.Ct. 2243.

---

[1] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

Limitations pursuant to subsection 2255(f)(3) is extended "if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, the *Mathis* Court explicitly stated that its resolution was resolved "under our precedents." *Id*. at 2251. "*Taylor* set out the essential rule governing ACCA cases more than a quarter century ago." *Id*. As a result, *Mathis* did not set out a new rule, only clarified the application of the rule announced in *Taylor*. *Mathis* therefore provides no relief from limitations. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under 28 U.S.C. § 2255(h)(2) because *Mathis* did not set forth a new rule of constitutional law made retroactive to cases on collateral review); *see also United States v. Taylor*, 2016 WL 7093905 at *4 (10th Cir. Dec. 6, 2016) (unpublished) (collecting cases that hold *Mathis* did not announce a new rule).

*Hinkle* likewise provides no relief from limitations. The *Hinkle* court applied *Mathis* on direct appeal. 832 F.3d at 574-577 (vacating sentence on direct appeal because defendant's prior Texas conviction for delivery of heroin did not qualify as a controlled substance offense under the career offender provision). Although *Hinkle* changed the interpretation of the effect of a particular kind of conviction, it is not a retroactively applicable Supreme Court decision. For these reasons, Escobedo's challenge to his sentence as a career offender was filed too late.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Escobedo has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Escobedo cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

### VI. CONCLUSION

For the foregoing reasons, Escobedo's motion to appoint counsel (D.E. 432) and his motion to proceed *in forma pauperis* (D.E. 433) are DENIED. Escobedo's motion (D.E. 430, Cause No. 2:17-CV-110, D.E. 1) to vacate, set-aside or correct sentence is DISMISSED with prejudice pursuant to Rule 4(b). Additionally, he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 9th day of May, 2017.

                                                  Janis Graham Jack
                                                  Senior United States District Judge