United States District Court
Southern District of Texas
**ENTERED**
May 09, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIM. ACTION NO. 2:07-CR-00628-1 |
| § | |
| MARK ESCOBEDO § | |

### MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Mark Escobedo's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). D.E. 502. For the reasons stated below, the motion is **DENIED**.

### I. BACKGROUND

In 2008 Escobedo pleaded guilty to conspiracy to possess with intent to distribute more than 500 grams of methamphetamine. The Presentence Investigation Report (PSR) calculated Escobedo's base offense level to be 38 based on his being held accountable for 45 kilograms of methamphetamine. D.E. 261, ¶ 113. He received a four-level increase for a leadership role. D.E. 261, ¶ 116. After a three-level reduction for acceptance of responsibility, the total offense level was 39. ¶¶ 113-120.

Escobedo was found to be a career offender which did not affect the offense level, but his criminal history increased from IV to VI. *Id.* ¶¶ 121, 137. The guideline range was 360 months to life in prison. *Id.* ¶ 156. On April 22, 2008, Escobedo was sentenced to 360 months custody; 180 months of this sentence was ordered to run concurrently with two state sentences. D.E. 314.

1

In 2015, Escobedo filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the sentencing guidelines. D.E. 373. Amendment 782 revised the drug quantity tables and was made retroactive effective November 1, 2014. However, because Escobedo was held accountable for 45 kilograms of methamphetamine, the Amendment did not result in a lower offense level. D.E. 385. Therefore, the Court denied Escobedo's motion for a reduced sentence. *Id.*

In 2017, Escobedo filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. D.E 430. Escobedo argued recent decisions indicated his prior convictions were no longer qualifying convictions under the career offender provisions of the guidelines. The Court denied Escobedo's § 2255 motion because the cases he relied on were not made retroactively applicable to cases on collateral review and therefore his motion was time barred. D.E. 434. The Fifth Circuit denied Escobedo's motion for a certificate of appealability. (D.E. 441). In 2021, Escobedo filed a motion to reopen his case which this Court again denied because the authority Escobedo relied on had not been found to apply retroactively and he had not otherwise presented grounds for relief. D.E. 478.

On October 28, 2024, Escobedo filed the instant motion to reduce his sentence under the provisions of 18 U.S.C. § 3582(c)(1)(A) because of his family circumstances and other extraordinary and compelling reasons. D.E. 502. Escobedo failed to provide any evidentiary support of his motion. Therefore, he was ordered to submit evidence in support of his motion. D.E. 504. Escobedo was subsequently granted an extension until March 31, 2025, to submit evidence in support of his motion. D.E. 506. To date, Escobedo has not submitted any evidence in support of his motion.

## II. LEGAL STANDARD

The First Step Act allows a prisoner to move for a sentence reduction under certain circumstances and is often called a motion for "compassionate release." *See United States v. Shkambi*, 993 F.3d 388, 390–92 (5th Cir. 2021). A prisoner may move for compassionate release when "extraordinary and compelling reasons" warrant a sentence reduction and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). The applicable policy statement provides that extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof: (1) medical circumstances; (2) age (at least 65); (3) family circumstances; (4) victim of abuse; (5) other reasons similar in gravity to (1)–(4); and (6) unusually long sentence. *Shkambi*, 993 F.3d at 391 (Citing U.S.S.G. § 1B1.13(b)); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021)

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a "defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(a)(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

Finally, the Court must consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a). The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. 18 U.S.C. §§ 3553(a)(1)–(7).

The "burden falls on the defendant to convince the [court] to exercise discretion to grant the motion for compassionate release." *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (internal quotations and citations omitted); *United States v. Ahmed,* No. CR H-15-346, 2020 WL 4287561, at *2-5 (S.D. Tex. July 27, 2020) (finding the movant has the burden of establishing extraordinary and compelling reasons for relief under section 3582(c)(1)(A) and failed to meet that burden).

### III.   ANALYSIS

#### A. Family Circumstances

Defendant checked a box on the § 3582(c)(1)(A) form stating: "The caregiver of my minor child or children has died or become incapacitated and I am the only caregiver for my child or children." D.E. 502, p. 4. However, he does not provide a clear explanation of these circumstances or any evidentiary support.

A defendant's family circumstances may be extraordinary due to "[t]he death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13(b)(3)(A). To evaluate such requests, the Bureau of Prisons requires that an inmate provide "adequate information and documentation," including, but not limited to:

- A statement that explains that the inmate's family member caregiver has died or become incapacitated, and that person was the caregiver for the inmate's biological or legally adopted child.
- Verifiable documentation that the inmate is the parent of the child. Acceptable documentation includes birth certificates, adoption papers, or verification of the inmate's paternity.
- Verifiable documentation providing the name and age of the child.
- A clear statement and documentation that the inmate has a release plan, including housing, and the financial means to care for the child immediately upon the inmate's release.
- A general description of the child's physical and mental condition.
- A description of the nature of the child's care both during the inmate's pre-arrest and presentence period, and during the inmate's current incarceration.
- Letters or documentation that the deceased/incapacitated family member was and still is the only family member caregiver capable of caring for the inmate's minor child. These letters or documentation should include:
  - Information indicating whether this family member was, in fact, caring for the child during the inmate's incarceration and immediately prior to the family member's death or incapacitation.
  - An explanation of who has been caring for the child since the family member's death or incapacitation.
  - If the child is in foster care, documentation verifying that the inmate will be able to immediately obtain custody of the child.

BOP PROGRAM STATEMENT § 5050.50.[1]

---

[1] This statement is available at: https://www.bop.gov/policy/progstat/5050_050_EN.pdf at Pages 7-8 (last visited May 9, 2025).

The Court notes that Escobedo has been in continuous custody for almost 18 years. At the time of the sentencing, Escobedo had a daughter who was approximately one year old. D.E. 261, ¶ 144. Escobedo's daughter is no longer a minor. Escobedo has not identified any child of his who is still a minor. Even if Escobedo does have a minor child or other relative in need of care, he has not a stated those circumstances clearly or provided any supporting documentation.

Escobedo has failed to offer any evidence that he is the father of a minor child or he is the only available caregiver for such minor. He has further failed to provide and evidence about the circumstances of the minor not having a custodian or care provider. Accordingly, he fails to qualify for a sentence reduction under U.S.S.G. § 1B1.13(b)(3)(A).

### B. Other Extraordinary and Compelling Reasons

In Escobedo's motion for compassionate release, he checks a box on the form indicating there are "other extraordinary and compelling reasons" for his release. D.E. 502, p. 4. Escobedo does not clearly identify what those reasons are, but he appears to allege there are a combination of reasons that weigh in his favor. The applicable policy statement includes a section for "other reasons" which may warrant compassionate release. *See* U.S.S.G. § 1B1.13(b)(5). This "catchall provision" may apply where "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4),[2] are similar in gravity to those described in paragraphs (1) through (4)." *Id.*

---

[2] These circumstances include terminal illness; debilitating medical condition; serious functional or cognitive impairment; serious deterioration due to advanced age; imminent risk of being affected by an ongoing outbreak of infectious disease; death or incapacitation of a minor child's

6

Escobedo argues he has been incarcerated for a long time and has been rehabilitated. He has taken numerous classes and programs to benefit himself and has worked on self-improvement. Members of his family have suffered health problems making their circumstances difficult. He also argues his sentence was unjust because of the disparity in his sentence and the sentence of his co-defendants. Escobedo notes his co-defendants have been released from custody and his release date is not until 2033. Escobedo also seeks to reargue previously rejected arguments that changes in the sentencing guidelines mean he is no longer a career offender.

Escobedo's efforts to rehabilitate himself are commendable. The advisory policy statement states rehabilitation of the defendant may be considered in determining whether a sentence reduction is appropriate but is not by itself an extraordinary or compelling reason. U.S.S.G. § 1B1.13(d). However, his rehabilitative efforts, even combined with the other reasons he cites are not "similar in gravity" to those set forth in U.S.S.G. § 1B1.13(b)(1)–(4) and do not amount to extraordinary and compelling reasons to warrant his release. This Court has previously considered, and denied, Escobedo's requests to have his sentence reduced based on sentencing guideline changes not made retroactive on collateral review. D.E. 385, D.E. 392, D.E. 434. The Fifth Circuit has held that motions for compassionate release based on non-retroactive changes in the law are not cognizable under 18 U.S.C. § 3582(c)(1)(A). *United States v. Austin* 125 F.4th 688, 691-692 (5th Cir. 2025) ("[A] prisoner may not leverage non-retroactive changes in criminal law to support

---

caregiver; incapacitation of a spouse or parent; victim of sexual abuse in custody; or victim of physical abuse in custody resulting in serious bodily injury.

a compassionate release motion, because such changes are neither extraordinary nor compelling" and would "usurp the legislative prerogative and use 18 U.S.C. 3582(c)(1) to create retroactivity that Congress did not.") (citations omitted).  Further, Escobedo's family circumstances, while unfortunate, are not of the nature to warrant his release. Finally, while Escobedo argues his sentence was disparate, he does not offer any argument or reasons why his sentence was in fact disparate from his co-defendants.

The Court has also considered all the factors set forth in 18 U.S.C. §§ 3142(g) and 3553(a).  A reduction in Escobedo's sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from his further crimes. Escobedo was a leader in the Raza Unida prison gang, and he was directly involved in a multi-year conspiracy where he distributed large quantities of methamphetamine.  While Escobedo was held accountable for distributing 45 kilograms of methamphetamine under the terms of his plea agreement, he was likely involved in distributing more.  D.E. 261, ¶ 96.

Escobedo's criminal history is serious and includes prior drug and drug trafficking convictions, weapons offenses, and aggravated robbery.  He had a prior opportunity to avoid prison when he received a sentence of probation in a drug trafficking case. The presentence report indicates Escobedo had several opportunities by the state authorities to avoid prison, including boot camp and probation modifications. However, his probation was eventually revoked, and he received a sentence of 30 years state custody. Significantly, Escobedo had been released on parole at the time and he was engaged in the conduct that forms the basis of the instant federal drug trafficking conviction. Escobedo was also on

8

parole for aggravated robbery when he committed the underlying federal offense. The aggravated robbery involved an armed home invasion in which the defendant possessed a sawed off .12-gauge shotgun. The defendant's prior convictions and sentences did not stop the defendant from trafficking in drugs or possessing firearms. The presentence investigation report in the underlying federal case indicates the defendants and other members of the underlying conspiracy possessed firearms. Having considered Escobedo's motion for compassionate release, the Court is of the opinion that the sentence imposed was appropriate and should not be reduced for the reasons presented in the motion.

## IV.   CONCLUSION

For the reasons stated above, the Court finds there are no extraordinary and compelling reasons warranting a sentence reduction and a reduction would be inconsistent with 18 U.S.C. §§ 3142(g) and 3553(a). Accordingly, Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (D.E. 502) is **DENIED**.

SIGNED and ORDERED on May 9, 2025.

Janis Graham Jack
Senior United States District Judge